

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/20/2011

| | |
|---|---|
| IN RE | ) |
| MARY L. CALLIHAN, | ) CASE NO. 10-34896-H3-13 |
| Debtor, | ) |
| MARY L. CALLIHAN, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 11-3092 |
| ENTERGY TEXAS, INC., | ) |
| Defendant. | ) |

MEMORANDUM OPINION

As a preliminary matter, the "Motion to Extend Time for Filing Dispositive Motions" (Docket No. 24) is granted. As a result, the "Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment" (Docket No. 22) and the "Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment" (Docket No. 25) are moot.

The court has considered the "Plaintiff's Motion for Partial Summary Judgment" (Docket No. 16) and the "Defendant's Motion for Summary Judgment" (Docket No. 19). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting Defendant's motion and denying Plaintiff's motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.

To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

On June 11, 2010, Mary L. Callihan ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

Debtor's schedules indicate that Debtor operates three businesses: "Calico Bookkeeping," "Hydra Tan," and "LuLu's Bistro." (Docket No. 1, Case No. 11-34896-H3-13).

The material facts are not in dispute with respect to the instant adversary proceeding. On June 14, 2010, Debtor, through counsel, sent two letters to "Entergy/GSU,"[1] with respect to two accounts,[2] notifying the utility that Debtor had filed a bankruptcy case, that a security deposit was being sent to the utility "to provide adequate assurances of performance" by Debtor. Each of the two letters was accompanied by a money order in the amount of $50.00. (Docket No. 16, Debtor's Exhibits 1, 2).

On June 25, 2010, Defendant sent two letters to Debtor. As to one account, Defendant stated that "[a] deposit in the

---

[1] "Entergy/GSU" appears to have been the billing entity. There appears to be no dispute as to the identity of the real party in interest. For convenience, the entity is called "Defendant" in the remainder of the instant opinion.

[2] Debtor has three accounts with Defendant. The two regarding her businesses were not current on the petition date. The account regarding Debtor's home was current on the petition date.

amount of $400.00 is due." As to the other account at issue in the instant adversary proceeding, Defendant stated that [a] deposit in the amount of $450.00 is due." (Docket No. 19, Defendant's Exhibit C).

Jon A. Majewski, a Senior Customer Service Specialist for Defendant, testified by affidavit that Defendant "mailed three letters to Plaintiff, one on each of her three accounts, requesting adequate assurance of payment in the form of deposits totaling $1,950,00. He testified that Defendant applied prepetition deposits against the Debtor's prepetition balance. He testified that Debtor remitted $300.00 on July 1, 2010, as an additional deposit. (Docket No. 19, Defendant's Exhibit B).

Majewski testified by deposition that Debtor paid the usage portions of Defendant's invoices, but did not remit additional deposits. He testified that Defendant sent notice to Debtor, stating that service would be disconnected if Debtor did not pay the amounts that Defendant had invoiced. He testified that, after Defendant sent a technician to Debtor's business location to disconnect service, Debtor entered into a payment plan, and made payment of the amounts requested. He testified that Debtor's electric service was not disconnected. (Docket No. 19, Defendant's Exhibit B).

In the instant adversary proceeding, Debtor seeks damages for an alleged violation of the automatic stay, a finding

of contempt, and damages for an alleged violation of Section 366 of the Bankruptcy Code.

In the instant motions, Debtor seeks summary judgment on its alleged ground of violation of the automatic stay. Defendant seeks summary judgment as to all the grounds asserted in the complaint.

## Conclusions of Law

Section 366 of the Bankruptcy Code provides:

(a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

(c)(1)

    (A) For purposes of this subsection, the term 'assurance of payment' means--

        (i) a cash deposit;
        (ii) a letter of credit;
        (iii) a certificate of deposit;
        (iv) a surety bond;
        (v) a prepayment of utility consumption; or
        (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.

>     (B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.
>
> (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.
>
> (3)
>> (A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).
>>
>> (B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider--
>>> (i) the absence of security before the date of the filing of the petition;
>>> (ii) the payment by the debtor of charges for utility service in a timely manner before the date of the filing of the petition; or
>>> (iii) the availability of an administrative expense priority.
>
> (4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

11 U.S.C. § 366.

Prior to the 2005 amendment of Section 366, which added Section 366(c), courts nearly universally held that a demand for an additional deposit under Section 366(b) does not violate the automatic stay. <u>Carter v. South County Water System (In re</u>

Carter), 133 B.R. 110 (Bankr. N.D. Ohio 1991); <u>In re Penn Jersey Corp.</u>, 72 B.R. 981 (Bankr. E.D. Pa. 1987) abrogated on other grounds, <u>In re Lease-A-Fleet, Inc.</u>, 131 B.R. 945 (Bankr. E.D. Pa. 1991); <u>Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel)</u>, 35 B.R. 188 (Bankr. N.D. Ohio 1983); <u>In re Deiter</u>, 33 B.R. 547 (Bankr D. Wis. 1983). The case most directly on point with the instant case is <u>Deiter</u>. In that case, the court held that it violates the automatic stay for a utility to collect a prepetition debt by disconnecting service. However, continuing utility service is governed by Section 366.

Section 366(b) calls for the modification of the amount of a deposit on motion of a party in interest, and after notice and a hearing. However, the statute is silent as to the initial state, whether a debtor's offer of what the debtor believes to be adequate assurance or the utility's demand for a deposit first triggers the requirement of a motion. In the Chapter 11 context, this court has held that, because Section 366(c)(2) requires that the deposit must be "satisfactory to the utility," the onus is on the debtor to move for modification of the amount of deposit. <u>In re Viking Offshore (USA), Inc.</u>, 2008 WL 782449 (Bankr. S.D. Tex. 2008). The "satisfactory to the utility" language does not appear in Section 366(b), which governs cases other than those under Chapter 11 of the Bankruptcy Code. Thus, the better practice is that, where a debtor makes an offer of what the

debtor believes to be adequate assurance in compliance with Section 366, the utility should move for modification of the amount of deposit. However, the utility's failure to do so does not give rise to a violation of stay or a contempt of court.

Moreover, a violation of Section 366(b) does not give rise to a cause of action for damages for demanding a higher deposit amount. In re Palazzola, 2011 WL 3667624 (Bankr. N.D. Ohio 2011, citing Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579 (6th Cir. 1990) and Citizens Gas & Coke Utility v. Mathews (In re Mathews), 2004 WL 2137637,(S.D. Ind. 2004).[3]

Based on the foregoing, a separate Judgment will be entered denying the "Plaintiff's Motion for Partial Summary Judgment" (Docket No. 16) and granting the "Defendant's Motion for Summary Judgment" (Docket No. 19).

Signed at Houston, Texas on this _____ SEP 2 0 2011
day of _____, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court does not reach the question of whether such a remedy might be available to a debtor whose service was actually terminated.

7